UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:14-cv-22919-MGC/Torres

LA LEY RECOVERY SYSTEMS-OB, INC.,
a/a/o Whole Health Chiropractic and Wellness,

    Plaintiff,

v.

UNITEDHEALTHCARE INSURANCE
COMPANY,

    Defendant.
_____/

**PLAINTIFF LA LEY RECOVERY SYSTEMS-OB, INC.'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 7(b), Plaintiff, La Ley Recovery Systems-OB, Inc. a/a/o Whole Health Chiropractic and Wellness, moves this Court for an Order denying Defendant's Motion to Dismiss for the reasons stated below:

**SUMMARY OF ARGUMENT**

There is no basis for federal jurisdiction in this case.[1]  In fact, this case should be remanded to state court.  This matter does not involve *any* federal claims or issues that would present a federal question under ERISA, nor did Plaintiff intend to bring same.  Plaintiff's cause of action is nothing more than a collection action by a successor in interest to the medical

---

[1] On August 11, 2014, Plaintiff timely filed a motion to remand this action to state court.  Plaintiff's motion for remand addresses the same arguments brought forth in Defendant's motion to dismiss regarding the doctrine of preemption under ERISA.  Plaintiff's motion to remand remains pending before this Court.

1

LA LEY LAW FIRM
_____

provider, a third party beneficiary, who seeks to be properly paid for the services rendered to the patient.

Plaintiff's complaint contains state law contract claims to recover monies which Plaintiff asserts are owed to it, and which Defendant has wrongly refused to pay or improperly reduced payment. In this case, Plaintiff advances that Defendant failed to pay or improperly reduced payment for services rendered by the medical provider to Defendant's insured: C.D.F.

## INTRODUCTION

On or about June 30, 2014, La Ley Recovery Systems-OB, Inc. filed a complaint against UnitedHealthCare Insurance Company. This complaint seeks state court, common law breach of contract remedies for outstanding payments due to Plaintiff. The amounts sought are for professional services rendered with the express authorization of Defendant. On July 9, 2014, Defendant was served with process in the state court action. On April 2, 2013, Defendant filed a removal notice in this Court, and with the state court. In this removal action, Defendant alleges that Plaintiff's state court claims are completely preempted by ERISA § 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). On August 11, 2014, Plaintiff timely filed a Motion to Remand this action to state court. On August 15, 2014, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATE LAW CLAIMS

Plaintiff brought forth six counts in its complaint in state court pursuant to its independent rights as a *third party beneficiary* and due to the breach of the third party beneficiary contract with the insurer: (1) Breach of Contract (Third Party Beneficiary); (2) Breach of Oral Agreement; (3) Breach of Implied Contract; (4) Quantum Meruit; (5) Open Account; and (6) Account Stated. These claims are based on state law for an amount of damages

totaling less than $500.00. Plaintiff's claims are state law claims, which falls outside the preemptive effect of ERISA, and are in pursuit of relief available and wholly appropriate in state court. Simply put, Plaintiff's demand for Jury Trial, common law contract damages and attorney's fees are properly raised in the complaint and are cognizable state law claims.

Whole Health Chiropractic and Wellness (hereinafter WHCW) does not participate in Defendant's health plan as a contracted participating provider and does not have direct contracts with Defendant. Defendant has refused to pay or improperly reduced the payment for the medical services rendered by WHCW. The Florida Supreme Court has held in *Foundation Health v. Westside EKG Associates*, 944 So. 2d 188 (Fla. 2006), that a plaintiff non-contract health care provider has the right to bring a third party beneficiary claim under state law against the patient's insurance company.

Plaintiff's complaint unequivocally excludes any rights related to ERISA because it specifically avoided preemption by pursuing only state statutory and state common law claims. Specifically, neither Plaintiff nor its predecessor in interest/medical provider is an ERISA plan participant or beneficiary; Plaintiff makes no claim as the successor in interest of a first party insured, plan participant or plan beneficiary; Plaintiff is *not* pursuing any causes of action including nor founded upon any ERISA rights originating from the patient/insured, plan participant and/or beneficiary; and Plaintiff does *not* seek relief under 29 U.S.C. § 1132(a), § 502(a).

The state law breach of contract claim, Count I in Plaintiff's complaint, clearly relies on an agreement independent of Defendant's plan members' ERISA benefit program. The agreement in this case includes a reimbursement schedule for services that Plaintiff may provide to Defendant's plan members, and the relevant Florida statutes mandate that such reimbursement

must be made to Plaintiff and set a time frame for such reimbursement.  Consequently, Plaintiff's breach of contract claim does not require any inquiry into Defendant's members' plans.  All that is relevant to the inquiry are any agreements between Plaintiff and Defendant.[2]  *See, e.g. Sheridan Healthcorp., Inc. v. Neighborhood Health P'ship, Inc.*, 459 F. Supp. 2d 1269, 1272-73 (S.D. Fla. 2006).  This preemption analysis also applies to Plaintiff's breach of implied contract and oral contract claims (Counts II and III) as Florida law makes no distinction between an express written contract and one that is implied in fact. *See Rabon v. Inn of Lake City, Inc.,* 693 So.2d 1126, 1131 (Fla. 1st DCA 1997) (holding that there is "no difference in the legal effect of an express contract and a contract implied in fact").

Further, the 'self-funded ERISA plan document' referenced in footnote 1 of Defendant's motion to dismiss is not relevant to the subject claims because it does not address Defendant's obligation to Plaintiff since neither Plaintiff nor the underlying medical provider are parties to the purported plan.  In addition to the 'self-funded ERISA plan document''s silence on Defendant's obligation to Plaintiff, it should not be considered by this Court as it is not record evidence in this matter, has not been authenticated in any way, and is not supported by a foundation that would overcome the rules regarding the admissibility of hearsay evidence.[3]

## MEMORANDUM OF LAW

### I. STANDARD FOR DISMISSAL

It is well settled that in a motion to dismiss, "whether it is a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim, the Court is required to construe the complaint in the light most favorable to the party whose claim is being challenged, and accept all

---

[2] The analysis for Count I is applicable to the claims of Quantum Meruit, Open Account, and Account Stated (Count IV, V, and VI) since all that is relevant is an inquiry into the agreements between Plaintiff and Defendant.

[3] The same argument is applicable to the "benefits guide" attached to the Notice of Removal.

the facts alleged by that party as true." *Hutton* v. *Grumpie's Pizza and Subs, Inc.,* 2008 WL 1995091 (S.D. Fla.).  Additionally, in order to satisfy the pleading requirements under the Federal Rules of Civil Procedure 8 (a)(2), all that is required from a litigant is that it set forth a "short plain statement of the claim showing that the pleader is entitled to relief" and more specifically, that a "complaint must simply give the defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests" *Swierkiewicz* v. *Sorema,* 534 U.S. 506 (2002) citing *Conley* v. *Gibson,* 355 U.S. 41, 47 (1957).  In the case at bar, Plaintiff has pled all of the relevant facts to place Defendant on notice of its claims and to permit the parties to focus on the litigation of the claim, on the merits.

Plaintiff's complaint satisfies the pleading requirements because first it states each cause of action as follows: I. Common Law Breach of Contract (Third Party Beneficiary); II. Breach of an Oral Agreement; III. Breach of Implied Contract; IV. Quantum Meruit; V. Open Account; and VI. Account Stated.  Within each count the complaint identifies the parties, and goes on to identify the duties of Defendant and the factual allegations which form the basis of each claim.  Under Florida law, these allegations supply the elements of each cause of action.  Plaintiff's version of the facts contends that Defendant has a contractual obligation and/or authorized the underlying medical provider to provide medical services to one of Defendant's insured.  At the time it granted authorization to the medical provider, Defendant understood it was obligated to pay for those services.  Despite its direct obligation to the medical provider, Defendant has not paid and is therefore in breach if its common law duties under Florida Law.

**II. ERISA PREEMPTION**

Defendant argues that Plaintiff's complaint should be dismissed because it is completely preempted by ERISA. In order for the subject claims to be preempted under ERISA, Defendant

must show that the Plaintiff's claims are completely preempted. *Butero v. Royal Maccabees Life Ins. Co.,* 174 F.2d 1207, 1211-12 (11th Cir. 1999), sets forth four elements which must be satisfied to establish complete preemption: "First there must be a relevant ERISA plan. Second, the Plaintiff must have standing to sue under that plan. Third, the Defendant must be an ERISA entity. Finally, the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan." *Id*.

### A. STANDING

The Eleventh Circuit has stated that under the doctrine of complete preemption for Plaintiff to have standing to sue under a relevant ERISA plan, Plaintiff must have standing to sue under a relevant ERISA plan before a state law claim can be re-characterized as arising under federal law subject to federal court jurisdiction. *Hobbs v. Blue Cross Blue Shield of Alabama,* 276 F.3d 1236, 1242 (11th Cir.2001). The only entities which have standing to sue for benefits under ERISA § 502(a) are plan participants and plan beneficiaries as defined under the statute. 29 U.S.C. §§1002(7) & 1002(8), Hobbs, 276 F. 3d at 1240-1.[4] Medical providers and their successors in interest, such as Plaintiff in this action, do not have independent standing to sue under ERISA. Id. at 1514; *Cagle* v. *Bruner*, 112 F.3d 1510, 1514 (11th Cir. 1997).

Defendant's Motion to Dismiss provides only its own self-serving conclusions about Plaintiff's state law claims. Plaintiff is suing in its own right as a third party service provider, pursuant to its individual common law rights under state law. Plaintiff is not suing as an

---

[4] Throughout Defendant's Motion to Dismiss, it incorrectly relies on *Aetna Health, Inc. v. Davila*, 542 U.S. 200; 124 S. Ct. 2488 (2004). The Supreme Court in *Davila* concluded that the parties bringing forth the action were a plan participant and a plan beneficiary; and, thus their case falls within the scope of, and are completely pre-empted by, *ERISA ß 502(a)(1)(B)*, and thus removable to federal district court. In this case, Plaintiff is suing in its own right as a third party beneficiary, pursuant to its individual common law rights under state law. Plaintiff is neither a plan participant nor a plan beneficiary.

assignee of a plan participant or beneficiary. Plaintiff has not brought any individual claim(s) as an *assignee* of individual patients; rather, Plaintiff has brought its own claim as a creditor to recover money owed to it by Defendant. Numerous courts, including this Court, have held that in such a factual situation the required element of standing is not present and complete preemption does not exist. See *Rodriguez* v. *Avmed, Inc.*, No. 02-22892-CIV-GRAHAM, 2003 WL 1937194 (S.D. Fla. April 18, 2003)(claims not preempted where plaintiff was not proceeding as an assignee of benefits under any ERISA plans); *Optimal Health and Wellness Ctr., Inc.* v. *United Healthcare Ins. Co.*, No. 05-80250- CIV-DIMITROULEAS (S.D. Fla. June 30, 2005)("State law claims are not preempted by ERISA where health care provider plaintiffs sue in their independent status as third parties, rather than as an assignee of benefits."); *Merkle* v. *Aetna Health Inc.*, No. 04-61713-CIV-COHN (S. D. Fla. April 27, 2005)(although providers can obtain ERISA standing through assignment, where plaintiff was seeking reimbursement pursuant to state law as non-participating provider and not as an assignee under ERISA plan, claims should not be dismissed on grounds of ERISA preemption); *Blue Cross of Cal.* v. *Anesthesia Care Assoc. Med. Group, Inc.*, 187 F.3d 1045 (9th Cir. 1999)(claims of health care providers for reimbursement were not completely preempted despite assignments from beneficiaries); *Memorial Hospital System* v. *Northbrook Life Ins.* Co., 904 F.2d 236 (5th Cir. 1990)(distinguishing between claims brought as assignee and those brought in independent status as third-party health care provider and finding latter not preempted); *Memorial Hermann Hosp. Sys.* v. *Great-West Life & Annuity Ins. Co.*, 2005 WL 1562417 (S.D. Tex. June 30, 2005)(that plaintiff could have elected to sue as an assignee is not the test for complete preemption; plaintiff had right to assert independent causes of action regardless of assignment; assignment itself not sufficient to result in complete preemption of plaintiffs claim); *Tenet*

*Health System Hosp. Inc*. v. *Crosby Tugs, Inc*., 2005 WL 1038072 (E.D. La. April 27, 2005)(fact that plaintiff may have an assignment not dispositive); *Baylor Univ. Med. Ctr*. v. *Epoch Group, L.C.*, 2004 WL 2434290 (N.D. Tex. Oct. 29, 2004) (claim not completely preempted where health care provider was suing on own behalf as independent creditor, not assignee); *Baylor Univ. Med. Ctr*. v. *Arkansas Blue Cross Blue Shield*, 331 F.Supp.2d 502 (N.D. Tex. 2004)(that plaintiff could have sued as assignee not dispositive); *Rogers* v. *Cigna Healthcare of Tex.*, 227 F. Supp.2d 652 (W.D. Tex. 2001)(plaintiffs' claims not completely preempted by ERISA where plaintiffs were not suing to enforce assignments but to enforce rights under express or implied contracts); *Variety Children's Hosp. Inc.* v. *Blue Cross/Blue Shield of Fla.*, 942 F. Supp. 562, 568 (S.D. Fla. 1996)(where complaint contained no mention that plaintiff was bringing claim as an assignee, claim was brought in independent status as third party provider not as beneficiary under plan); Gables Insurance Recovery v. UnitedHealthCare Insurance Company, No. 13-21142-CV-GRAHAM/GOODMAN (S.D. Fla. May 24, 2013)(claims not preempted where plaintiff's claims were based on the oral representations by Defendant to proceed with services, not as an assignee of benefits under any ERISA plans).

   Defendant has not provided any *admissible* evidence that Plaintiff is prosecuting this case as anything other than a third party beneficiary or any evidence that valid assignments of benefits under an ERISA plan exist, or any facts upon which this Court could determine that this matter presents a federal question. Defendant only makes conclusory statements that Plaintiff's claims relate to an ERISA plan and therefore involve a federal question. In Plaintiff's complaint, it seeks recovery for unpaid professional fees for services rendered, with full authorization by Defendant. Further, there is no proof of any claim seeking benefits by and through any

assignments, which would relate to benefits under an ERISA plan or benefits. Although an assignment in and of itself is insufficient to indicate the presence of a federal question. *Id. Rogers* v. *Cigna*, 227 F.Supp.2d at 656 (expressing doubt that signature on standard claim forms qualified as valid assignment); *Lakeland Anesthesia, Inc.* v. *Louisiana Health Service & Indem. Co.*, 2000 WL 1801834 at *6 (E.D. La. Dec. 6, 2000) (discussing unreported case finding that evidence of claim forms where patients had assigned rights to payment was insufficient to show that plaintiff health care provider's claims sought to recover assigned benefits due under a qualified ERISA plan, nor was there evidence that any assignment would be valid and absent such evidence there was no basis for complete preemption).

### B. EXISTENCE OF AN ERISA PLAN

Defendant must establish the existence of a relevant ERISA plan in addition to establishing Plaintiff standing to sue under ERISA. In order for an employee benefit plan to fall within the scope of ERISA there must be: (I) a plan, fund or program; (2) established or maintained; (3) by an employer or by an employee organization, or by both; (4) to provide participants or their beneficiaries; (5) medical, surgical, hospital care, [and other listed] benefits. *Slamen* v. *Paul Revere Life Ins. Co.,* 166 F.3d 1102, 1104 (11th Cir. 1999) (citing *Donovan* v. *Dillingham,* 688 F.2d 1367, 1371 (11th Cir. 1982) (en banc). Not all welfare benefit plans meet the criteria established by ERISA. *Id., Randol v. Mid-West Nat'I Life Ins. Co.,* 987 F.2d 1547, 1550 (11th Cir. 1993). "A plan, fund or program is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of funding, and procedures for receiving benefits." *Slamen,* 166 F.3d at 1104. The mere purchase of insurance does not conclusively establish a plan, fund or program covered by ERISA.

Plaintiff's state law claims involve non-payment for services authorized by Defendant. Defendant makes generalized assertions that the claims submitted by Plaintiff are within the framework of claims for services rendered to patients who are enrolled in employer-sponsored welfare plans governed by ERISA. However, Defendant has failed to provide any admissible evidence at this stage of the proceedings or directed this Court to any factual allegations contained in the Plaintiff's complaint, which establish that the claims brought by Plaintiff fall within the scope of ERISA. This is insufficient to meet its burden of establishing the existence of an ERISA plan as required by *Butero*.

### C. DEFENDANT HAS NOT ESTABLISHED THAT IT IS AN ERISA ENTITY

Defendant has produced no evidence that it is an ERISA entity. ERISA entities are the employer, the plan, the plan fiduciaries and the beneficiaries under the plan. *Morstein* v. *National Ins. Servs., Inc.*, 93 F.3d 715 (11th Cir. 1996); *Bankers Risk Management Services, Inc.* v. *Av-Med Managed Care, Inc.*, 697 So.2d 158 (Fla. 2d DCA 1997). There is no preemption when the defendant is not an ERISA entity and the claims do not affect relations among principal ERISA entities. *Morstein*, 93 F.3d at 722. An insurer may be a plan fiduciary, but only if it has exclusive authority to determine eligibility for benefits under the plan and to review denied claims. *Engelhardt* v. *Paul Revere Life Insurance Company,* 139 F.3d 1346, 1352 (11th Cir. 1998); *Libbey-Owens-Ford-Co.* v. *Blue Cross & Blue Shield Mut. Of Ohio,* 982 F.2d 1031, 1035 (6th Cir. 1993).

Here, Defendant fails to establish that it is an ERISA entity with respect to the plan. Defendant has not established its role as a plan sponsor or administrator, or an ERISA fiduciary of these plans by the evidence before this Court. There is no evidence that Defendant has been given the exclusive authority by any plan's documents to determine eligibility for benefits under

the plan and to review denied claims. Thus, Defendant has failed to meet yet another element of its burden under preemption.  It basically has not shown that it is an ERISA entity.

### D. PLAINTIFF'S COMPLAINT DOES NOT SEEK COMPENSATORY RELIEF AKIN TO THAT AVAILABLE UNDER § 1132(a)

The fourth element under the Butero test requires that "the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan."  *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999).  In this case, Plaintiff's claims do not seek benefits due under any ERISA plan.  The compensatory relief sought in Plaintiff's complaint is not "akin to" relief available under this ERISA provision and therefore complete preemption does not exist.  ERISA§ 502(a) (l) (B), 29 U.S.C. § 1132(a)(l)(B), "permits a civil action by a *participant* or *beneficiary* 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Ervast v. Flexible Products Co.*, 346 F.3d 1007, 1014 (11th Cir. 2003) (*emphasis added*).  As explained above, neither Plaintiff nor the predecessor in interest medical provider is a plan participant or beneficiary; Plaintiff is not seeking recovery as a plan participant or beneficiary, and does not seek recovery of benefits due to a participant or beneficiary under the terms of the plan. Neither the relief Plaintiff seeks, nor the basis upon which that relief is sought is akin to the relief available under § 502(a). Plaintiff is not seeking to recover benefits under an ERISA plan or otherwise enforce rights under an ERISA plan, clarify rights under same or otherwise invade the province of the plan. Rather, Plaintiff is seeking to enforce the independent rights of a third party provider to be properly paid for medical services it rendered, which Defendant was contractually and statutorily required to provide to its subscriber members, and which it specifically authorized in this case. Significantly, "ERISA does not provide a cause of action for aggrieved health care providers that

11

LA LEY LAW FIRM
_____

treat ERISA participants." *Lordmann Enterprises, Inc*. v. *Equicor, Inc*., 32 F.3d 1529, 1534 (11th Cir. 1994). The Eleventh Circuit Court in *Lordmann Enterprises* held that "state court claims brought by health care providers against plan insurers too tenuously affect ERISA plans to be preempted by the Act." *Id*. at 1533.

Numerous courts have recognized a clear distinction between a health care provider's claim to be properly paid for its services and a claim for benefits under a plan. In *Variety Children's Hosp. Inc*. v. *Blue Cross/Blue Shield of Fla*., 942 F.Supp. 562 (S.D. Fla. 1996), Judge Moore found that a claim brought by the plaintiff in its independent status as a third party health care provider was not preempted by ERISA. *Id*. at 568. In reaching its decision the Court relied on *Hospice of Metro Denver, Inc*. v. *Group Health Ins. of Okla., Inc*., 944 F.2d 752 (10th Cir. 1991). In *Hospice of Metro Denver*, the Tenth Circuit held that a "state law claim which does not affect the 'relations among the principal ERISA entities, the employer, the plan, the plan fiduciaries, and the beneficiaries' as such, is not preempted by ERISA." 944 F.2d at 756 (quoting *Memorial Hosp*., 904 F.2d at 249; *Perkins v. Time Ins. Co*., 898 F.2d 470, 473 (5th Cir. 1990). The Court further noted that "[a]n action brought by a health care provider to recover promised payment from an insurance carrier is distinct from an action brought by plan participants against the insurer seeking to recover benefits under the terms of the insurance plan. Preemption in this case would stretch the 'connected with or related to' standard too far." *Id*. *Variety Children's*, 942 F. Supp. at 567. Likewise, in *Rogers* v. *CIGNA Healthcare of Tex*., Inc., 227 F.Supp.2d 652 (W.D. Tex. 2001), health care providers filed an action in state court alleging that CIGNA had not adequately reimbursed them for medical services provided to CIGNA insured patients. The defendant removed the action to federal court on the basis of complete ERISA preemption. In granting remand, the Court explained:

> Plaintiffs sue CIGNA to recover for a benefit they have bestowed upon CIGNA namely, providing the medical services necessary to extinguish CIGNA's contractual obligations to its insured beneficiaries. Plaintiffs' quantum meruit claim is not based on CIGNA's promise to provide health care to its insured's, but on CIGNA's promise (express or implied) to pay Plaintiffs for providing the services. Plaintiffs claim CIGNA has wrongfully received benefits without paying or fully paying for them. CIGNA is not paying the Plaintiffs (or failing to pay the Plaintiffs, as the case may be) because of its contractual obligations to its insured beneficiaries. Instead, CIGNA's obligation is to pay the Plaintiffs for the medical services CIGNA has induced the Plaintiffs to perform. 227 F.Supp.2d at 655-56.

Defendant's suggestion that because Plaintiff's claims are completely preempted because they fall within the scope of ERISA Section 502 (a) (1) (B) is not supported by the allegations in the complaint. Plaintiff's complaint specifically describes the nature of the claims and disavows that it pursues relief for any benefits owing to any of the plan participants or beneficiaries. Of greater import, under an HMO plan, the "benefit" which the subscriber is entitled to receive is covered medical services rendered by a health care provider. The subscriber is not entitled to any payment or compensation under the plan and is not liable for payment to the provider. The subscriber member here has received the covered services to which he was entitled under his HMO plan and has no liability for payment of fees to an entity such as Plaintiff. Under Florida law, a provider may look only to the HMO, and not to the subscriber, for payment of its fees. See Fla. Stat. § 641.3154. The claims that Plaintiff has brought here are nothing more than run-of-the-mill state law claims to recover fees it is directly owed by Defendant and these claims do not fall under ERISA Section 502 (a) (1) (B).

## **CONCLUSION**

Plaintiff's complaint sufficiently articulates state law claims. These claims are not preempted by ERISA. Defendant is the party who breached its duty to Plaintiff. The duties owed to Plaintiff are common law duties. Plaintiff's complaint identifies each claim, identifies

the parties, the duties of each party and the damages, which result from the breach of these duties. The complaint gives Defendant fair notice of Plaintiff's claims and the grounds upon which these claims rest. For all the following reasons, Defendant's Motion to Dismiss must be denied.

## CERTIFICATE OF SERVICE

**I CERTIFY** that a copy of Plaintiff La Ley Recovery Systems-OB, Inc.'s Response to Defendant's Motion to Dismiss and Incorporated Memorandum of Law was filed with the Clerk of Courts using CM/ECF. I further certify that the foregoing document was e-serviced using CM/ECF to: (dan.alter@gray-robinson.com) Daniel Alter, Esquire; (shari.gerson@gray-robinson.com), Shari Gerson, Esquire; (jkuntz@gray-robinson.com) Jeffrey T. Kuntz, Esquire; and (evan.appell@gray-robinson.com) Evan D. Appell, Esquire, Gray-Robinson, P.A., 401 East Las Olas Boulevard, Suite 1000, Fort Lauderdale, Florida, 33301, on this 27th day of August 2014.

**La Ley Law Firm**
2332 Galiano Street, Second Floor – Suite 214
Coral Gables, Florida 33134
Tel: (305) 461-6006
Facsimile: (305) 809-8432
Email: mlholdenpa@att.net
Email: mlhpa@att.net
Email: serve@laleylawfirm.com

/s Monica Lorie Holden
By:_____
MONICA LORIE HOLDEN
Florida Bar No.: 14527