UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:  1:14-cv-22919-MGC/Torres

LA LEY RECOVERY SYSTEMS-OB,
INC. a/a/o Whole Health Chiropractic
and Wellness,

        Plaintiff,

v.

UNITEDHEALTHCARE INSURANCE
COMPANY,

        Defendant.

_____/

**DEFENDANT UNITED HEALTHCARE INSURANCE COMPANY'S
REPLY IN SUPPORT OF MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW**

      Defendant, UNITEDHEALTHCARE INSURANCE COMPANY ("United"), hereby files

its Reply in Support of its Motion to Dismiss Plaintiff's Complaint (the "Motion") [ECF No. 8]

and in support thereof United states as follows:

I.      **INTRODUCTION**

      Carla De Faria ("Participant"), an employee of American Airlines, Inc., sought services

from Whole Health Chiropractic and Wellness ("Provider") as a Participant of the American

Airlines Group Life & Health Benefits Plan ("Plan").  Complaint at ¶¶ 18, 22 and 23.  Provider

then submitted the claims to United, seeking payment.  Complaint at ¶ 26, 37 and 63.  La Ley

Recovery Systems-OB ("La Ley"), as assignee of Provider, filed the present case in state court to

recover payments of these denied claims.  After timely removal to federal court, United filed its

Motion to Dismiss Plaintiff's Complaint on the basis that the claims were completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

In its Response, La Ley contends that because it brings suit as an alleged third party beneficiary and not as an assignee, its claims are not preempted. However, as set forth in the Motion to Dismiss and explained in more detail below, whether La Ley brings claims against United as an assignee of the medical benefits or as a third party beneficiary does not change the analysis as has been established in the Eleventh Circuit. La Ley is seeking payment for denied claims related to Participant's medical care, and whether there is coverage for payment of such medical treatment can only be determined by reviewing the terms of the ERISA plan. Furthermore, there is no other independent legal duty implicated by the actions of United or the plan to support Plaintiff's claims. Since La Ley, as assignee of the provider who accepted assignment from Participant, has standing to sue under ERISA, La Ley could have filed this claim under § 502(a)(1) of ERISA seeking payment for the services allegedly rendered to Participant. In addition, as there is no independent legal duty to support the state law claims, La Ley's claims are completely preempted by ERISA and must be dismissed.

**II.   ARGUMENT**

**A.     La Ley Uses the Incorrect Test When Analyzing the Complete Preemption Doctrine.**

The four-part test in *Butero v. Royal Maccabees Life Ins. Co., 174 F.2d 1207 (11th Cir. 1999),* (cited by La Ley) is no longer the appropriate test for determining whether or not claims are completely preempted by ERISA. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1345 (11th Cir. 2009). As set forth in the Motion, a claim falls within the scope of section 502(a) depends upon the following standard:

> [I]f an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls within the scope of ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). *See also, Borrero*, v. *United Healthcare of New York, Inc.*, 610 F.3d 1296 (11th Cir. 2010); *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1345 (11th Cir. 2009).

The Eleventh Circuit's decisions in *Connecticut State Dental* and *Borrero* illustrate the correct test for complete ERISA preemption as set forth in *Davila*. In both cases, medical providers sought to recover damages for alleged breaches of their own written provider agreements. *Borrero*, 610 F.3d at 1300; *Connecticut State Dental*, 591 F.3d at 1342. Despite resting their state-law claims for breach of contract on their own written contracts with the health plans, the Eleventh Circuit found that their claims were completely preempted by ERISA. *Borrero*, 610 F.3d at 1304; *Connecticut State Dental*, 591 F.3d at 1353. The Eleventh Circuit focused on the "content of the claims" to understand that the providers' allegations necessarily required a reviewing court to consider whether a duty under the ERISA plans had been violated. *Borrero*, 610 F.3d at 1304-05; *Connecticut State Dental*, 591 F.3d at 1353.

La Ley's state-law claims in this case are no different than the claims that failed to escape preemption in *Connecticut State Dental* and *Borrero*. Despite pleading claims which sound in state law, La Ley asks the Court to consider whether any of the terms of the ERISA plan were violated. No recovery can be had, for example, on the state-law claim for breach of third-party beneficiary contract without a determination that the plan was "breached." Under *Davila* and its progeny, La Ley's Complaint is "completely" preempted and should be dismissed.

3

**B.     La Ley Has Standing to Bring its Claim for Benefits Under ERISA.**

La Ley contends it lacks standing to sue under the ERISA plan at issue in this action. By its own account, La Ley has standing to pursue plan benefits. *See* ECF No. 1-1, p. 7  ¶8 and 9 p. 10 at ¶29 (alleging its "beneficiary" status under the patients' benefit plans). Moreover, as it represented on the claim form submitted to United in order to request the payment of benefits under the plan, the medical provider accepted an assignment from its patient. *See* ECF No. 1-2, pgs. 290-91.  "Allowing a plaintiff to hold itself out as an assignee of ERISA benefits such that it could receive direct payments from insurance companies, but escape ERISA entirely when attempting to collect these payments, simply by stating that it never actually received such assignments... [would] be illogical and run contrary to the interests of justice." *Emerus Hosp. Partners, LLC v. Health Care Serv. Corp.*, - F. Supp.2d -, 13 C 8906, 2014 WL 1715516 (N.D. Ill. Apr. 29, 2014) (internal citations omitted).

It is not uncommon for health care providers to sue under ERISA in order to collect benefits which they allege are due and owing from a health plan. The Eleventh Circuit has repeatedly recognized that "healthcare providers may obtain derivative standing by securing an assignment of rights from a party with standing." *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.*, 546 Fed. Appx. 846, 851 (11th Cir. 2013) (citing *Cagle v. Bruner*, 112 F.3d 1510, 1514-1515 (11th Cir. 1997)); *see also Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294 (11th Cir. 2004); *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001); *HCA Health Services of Georgia, Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). "Under ***clear Eleventh Circuit precedent and consistent district court interpretation***, [a healthcare provider that] received written assignments of benefits from ERISA plan beneficiaries [has] derivative standing to sue." *Medicomp, Inc. v.*

4

*Unitedhealthcare Ins. Co.*, 6:12-CV-100-ORL-22, 2014 WL 1304639 (M.D. Fla. July 2013) (emphasis supplied), *affirmed and adopted* 13-13849, 2014 WL 1284762 (11th Cir. April 1, 2014).

In this case, the participant assigned her right to recover benefits to her health care provider. As discussed in the Motion, in *Tango Transp. v. Healthcare Fin. Services LLC*, 322 F.3d 888 (5th Cir. 2003) a collections company secured an assignment from the provider who obtained the initial assignment from the patient. The Fifth Circuit found that such a secondary assignment equipped the collections agency with derivative standing to proceed under ERISA. In *Gables Ins. Recovery v. United Healthcare Ins. Co.*, a case with allegations almost identical to those found in this case, Judge Altonaga quoted the Fifth Circuit's reasoning as follows:

> [D]enying derivative standing to health care providers would harm participants or beneficiaries because it would discourage providers from becoming assignees and possibly from helping beneficiaries who were unable to pay them up-front. Likewise, granting derivative standing to the assignees of health care providers helps plan participants and beneficiaries by encouraging providers to accept participants who are unable to pay up front. Conversely, to bar health care providers from assigning their rights under ERISA, and shifting the risk of nonpayment to a third-party, would chill health care providers' willingness to accept a patient. Third parties like [collections agencies] will only be willing to purchase an assignment from a health care provider if they can be assured that they will be afforded standing to sue for reimbursement.

- F.Supp.2d -, 13-21157-CIV, 2013 WL 9576688, *6 (S.D. Fla. Aug. 8, 2013)(*quoting Tango Transp.*, 322 F.3d at 894. La Ley has derivative standing to proceed under ERISA.

**C.    La Ley's Claims are for Benefits Due Under an ERISA Governed Health Plan and ERISA Benefits Are Being Sought.**

La Ley argues that United has failed to establish the existence of an ERISA governed health plan and that no relief in its Complaint is based on a claim for benefits due under the plan. Of course, the analysis does not end simply because La Ley argues there are no ERISA benefits at stake. *See, e.g., Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 (2004) ("distinguishing

5

between pre-empted and non-pre-empted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade" the pre-emptive scope of ERISA…" (internal quotations omitted)); *Borrero*, 610 F.3d at 1303 ("[M]erely referring to labels affixed to claims to distinguish between preempted and non-preempted claims is not helpful because doing so would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA."). *Connecticut State Dental*, 591 F.3d at 1350.

Instead, courts must examine the substance of the claims asserted by a plaintiff. The appropriate inquiry focuses on whether La Ley "could have brought [a] claim under ERISA." *Connecticut State Dental*, 591 F.3d at 1350. It does not matter that La Ley attempts to disclaim any interest in ERISA benefits. *Id.*; *See also In re Managed Care Litig.*, Master File No. 00-1334-MD, 2009 WL 855967, *4 (S.D. Fla. Mar. 30, 2009) (finding that provider had derivative standing to sue under ERISA while rejecting the provider's attempt to disavow the assignment as the foundation for his claims: "Simply put, [the provider] cannot simply ignore the existence of such assignments").

The Complaint makes clear that this action is founded upon an ERISA plan.[1] La Ley alleges that "*[United] issued a health insurance policy* and/or extended health insurance coverage to [C.D.F.]." [ECF No. 1-1, pg. 8 at ¶18]. La Ley further alleges that this action arises "out of Defendant's breach of its common law duties *under the applicable health insurance contract*..." and that United "*breached its obligations* to the medical provider as an intended third party beneficiary of *the insurance contract*…" [ECF No. 1-1, pg. 7 at ¶7; *see also* ECF No.

---

[1] La Ley makes no argument in its Response that the American Airlines self-funded health plan is not an "employee welfare benefit plan" within the meaning of ERISA. Rather than contest the ERISA nature of the American Airlines plan, La Ley suggests that it can side-step the plan (and ERISA entirely) by pursuing only state statutory and state common law claims. La Ley is mistaken. Virtually all of the cases cited by La Ley in its Response pre-date *Connecticut State Dental and Borrero*. None of these cases help distance La Ley's claims from ERISA and its exclusive remedy system. This appears to be a boilerplate brief designed to drown this Court in outdated and non-binding authorities.

1-1, pg. 7 at ¶8 ("Plaintiff purports to be a beneficiary *of the health insurance contract*."); ECF No. 1-1, pg. 9 at ¶21].

According to La Ley, United "receive[d] the benefit of a premium in exchange for the promise that it [would] pay medical providers for services rendered to [C.D.F.] ... *as a result of [the] insuring agreement*." [ECF No. 1-1, pg. 12 at ¶41]. La Ley emphasizes the underlying health plan when it alleges that United "received a benefit once the medical provider rendered services to [C.D.F.] *based on [C.D.F.'s] policy with*" United. [ECF No. 1-1, pg. 12 at ¶42; *see also* ECF No. 1-1, pg. 13 at ¶51].

At the time the subject services were rendered, C.D.F. "*was eligible for benefits and was otherwise covered under the pertinent provisions of the insurance contract* between [C.D.F.] and [United]." [ECF No. 1-1, pg. 9 at ¶23]. La Ley also asserts that its "predecessor in interest contacted [United] to *confirm coverage* of [C.D.F.] and for the subject services *under the subject health care plan*." [ECF No. 1-1, pg. 11 at ¶33; *see also* ECF No. 1-1, pg. 13 at ¶50, and pg. 14 at ¶57]. According to La Ley, the "*health insurance policy contractually obligates [United]*" to pay La Ley for the care rendered to C.D.F. [ECF No. 1-1, pg. 9 at ¶20]. Notwithstanding that obligation arising from the health insurance policy, *La Ley alleges that "[United] has not paid for the subject services*." [ECF No. 1-1, pg. 13 at ¶54].

The allegations in this lawsuit are undeniably focused on the terms and conditions of the ERISA plan. There are countless references to the duties established *by the plan* – and these are very duties that La Ley is trying to enforce. The allegations in this case are almost identical to those found to be completely preempted in *Gables Insurance Recovery*, where Judge Altonaga summarized the substance of the action as follows:

> The Court considers the substance of GIR's Complaint. *See id.* GIR maintains: "[A HP] rendered health care services that were reasonable and medically necessary ...

[, but United] has not made payment, [and has not] explained or justified the reason for its non-payment" (Compl.¶¶ 21, 23); AHP "billed [United] for the services rendered ... [and United] failed to pay" (*id.* ¶¶ 35–36); United "has not yet paid for the subject medical services" (*id.* ¶ 46); United "has not paid for the subject services" (*id.* ¶ 55); United's "obligation to pay for the services rendered by [AHP] remains unpaid and outstanding" (*id.* ¶ 62); and United "failed to pay or dispute the charges ... [and] these charges remain due and owing from [United]" (*id.* ¶¶ 69, 71).

*Gables Ins. Recovery v. United Healthcare Ins. Co.*, - F.Supp.2d -, 13-21157-CIV, 2013 WL 9576688, *2 (S.D. Fla. Aug. 8, 2013).

As required by *Borrero*, Judge Altonaga considered "the content of the claims" to understand that although the claims may have been defined solely by reference to state law, they implicated legal duties that were dependent on the interpretation of an ERISA plan. *See Borrero* at 1304 (medical providers argued the contractual duties were defined by state law in their Complaint, and while that may have been "true in the abstract," the "content of the claims necessarily require[d] the court to inquire into aspects of the ERISA plans because of the invocation of terms defined under the plans.").

The "content of the claim" is so important that even where a plaintiff tries to disavow any interest in pursuing a cause of action under ERISA, that disclaimer on the face of a complaint is unavailing to escape complete preemption. The *Borrero* court found complete preemption despite the medical providers' attempt to "undermine their own standing" by "disclaiming [their reliance] on the assignments of benefits" by their patients. *Id.*, 610 F.3d at 1303. The plaintiffs in *Borrero* alleged on the face of their complaints that they did "not otherwise seek benefits or other remedies under [ERISA]." *Id.* The Eleventh Circuit rejected the plaintiffs' "attempt to characterize their claims as eluding the scope of ERISA," and found instead that "the factual allegations raise precisely the type of ERISA determinations that trigger complete preemption and convert the otherwise state law claims into federal claims." *Id.*

La Ley makes similar statements in its Complaint while trying to shelter its claims from the application of ERISA.  La Ley states it is "not pursuing any causes of action . . . founded upon any ERISA rights," and it does "not seek relief under Section 502 of ERISA."  But as *Borrero* instructs, these statements do not permit a plaintiff to avoid ERISA's preemptive effect where (as here) the factual allegations reveal precisely the sort of claim that Congress intended to be channeled through ERISA.  Because La Ley alleges that United violated duties under "the pertinent health insurance contract," and because La Ley contends "the health insurance policy contractually obligates" United to perform, La Ley must proceed - if at all – pursuant to ERISA. *See*, ECF No. 1-1, p. 7 at ¶8 and p. 9 at ¶20.

**D.  United is Unquestionably an ERISA Entity.**

La Ley argues that United is not an ERISA entity.  However, its argument is contradicted by ERISA jurisprudence on this issue. The Supreme Court's "*Davila* decision, which found complete preemption, emphasized that the respondents' claims were brought exclusively to remedy a denial of ERISA benefits under ERISA-regulated plans (***against the administrators of those plans***)." *Darsie v. Cone*, 5:10-CV-00154-KSF, 2010 WL 2923285 (E.D. Ky. 2010) (emphasis supplied) (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 211 (2004)); *see also Davila*, 542 U.S. at 211 (2004) (finding complete preemption over Davila's claims against Aetna where "the only relationship Aetna had with Davila was its partial administration of Davila's employer's benefit plan"); *Connecticut State Dental*, 591 F.3d at 1353 (finding complaint completely preempted against third party claims administrator where provider's claim included "patients covered by ERISA plans administered by Anthem."); *S. Florida Ear, Nose & Throat, PLLC*, 2013 WL 6332968 at *3 (ERISA "allows recovery against, '[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties

imposed upon fiduciaries by this subchapter.' 29 U.S.C. § 1109(a)." (*quoting Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) (*citing Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 (1985)).

United, as the designated claims administrator of the American Airlines self-funded ERISA plan, is certainly an ERISA entity. La Ley's argument to the contrary flies in the face of unanimous (and extensive) authority on the issue. Because La Ley's argument is wholly unsupported by controlling law, it should be rejected.

**E.    La Ley's Claims Must Be Construed Under ERISA.**

La Ley's Complaint fails to state a claim upon which relief can be granted and should be dismissed. Plaintiff can only proceed in this action by stating its claims under ERISA but has failed to do so. Should the Court allow the causes of action to stand as currently pled, they should be construed as claims brought under ERISA. The "complaint was drafted to assert state common law claims rather than a cause of action under ERISA, given Congress' intent to occupy the field completely, [the court determined that it] must construe [the plaintiff's] complaint, which alleges various wrongful acts…, as falling within the scope of … 29 U.S.C. § 1132(a), and thus preempted by ERISA." *York v. Ramsay Youth Services of Dothan*, 313 F.Supp. 2d 1275, 1279 (M.D. Ala. 2004) (quoting *Time Ins. Co., Inc. v. Roberts*, 382 S.E.2d 718, 719 (Ga. 1989)). *See also e.g., Henry v. Dow Jones*, No. 08 Civ. 5316, 2009 WL 210680, at *4 (S.D.N.Y. Jan. 28, 2009) ("When, as here, state law claims are preempted by ERISA's civil enforcement provisions [i.e., completely preempted], the proper course of action is to treat the claims as if they had been asserted under ERISA.").

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2014, I have electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on:  **Monica Lorie Holden, Esquire**, La Ley Law Firm, 2332 Galiano Street, Second Floor, Suite 214, Coral Gables, Florida  33134, telephone: (305) 461-6006, emails:  serve@laleylawfirm.com; mlholdenpa@att.net; mlhpa@att.net, *counsel for Plaintiff*, in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> s / Shari Gerson
> Daniel Alter, FBN 0033510
> Email:  dan.alter@gray-robinson.com
> Shari Gerson, FBN 017035
> Email: shari.gerson@gray-robinson.com
> Jeffrey T. Kuntz, FBN 26345
> Email: jkuntz@gray-robinson.com
> Evan D. Appell, FBN 58146
> Email: evan.appell@gray-robinson.com
> GRAY ROBINSON, P.A.
> 401 East Las Olas Boulevard, Suite 1000
> Fort Lauderdale, Florida 33301
> Telephone:  (954) 761-8111
> Facsimile:  (954) 761-8112
> *Counsel for Defendant*

# 3122203 v1

11