UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-22919-Civ-COOKE/TORRES

LA LEY RECOVERY SYSTEMS-OB, INC.
*other* WHOLE HEALTH CHIROPRACTIC
AND WELLNESS,

    Plaintiff,

vs.

UNITEDHEALTHCARE INSURANCE
COMPANY,

    Defendant.

_____/

**ORDER DISMISSING WITHOUT PREJUDICE
AND ADMINISTRATIVELY CLOSING CASE**

    In this action to recover benefits under a self-funded group health plan, "it appears that none of the parties to this case wish to be in this Court, but differ as to whether the case should be remanded to the state court for further action or simply dismissed." *Henry v. Robey-Barber Ins. Servs. Corp.*, 777 F. Supp. 1554, 1555 (M.D. Fla. 1991). Contending that Plaintiff's Complaint fails to state a claim because the claims as alleged are preempted by ERISA, Defendant UnitedHealthcare Insurance Company filed its Motion to Dismiss (ECF No. 8). Countering that this matter is simply a collection action arising under state law by a medical provider who seeks to be paid for the services rendered on Defendant's behalf, Plaintiff La Ley Recovery Systems – OB, Inc. submitted its Motion for Remand to State Court (ECF No. 4). Plaintiff also file a Motion to Strike Attachments to Defendant's Notice of Removal Filed in Violation of 28 U.S.C. §1446(b)(3) as Impermissible to Assert Federal Jurisdiction and Failing to Satisfy the Business-Records Exception to Hearsay (ECF No. 20).

    Having reviewed Defendant's Motion to Dismiss, Plaintiff's Motion for Remand to State Court and Motion to Strike Attachments to Defendant's Notice of Removal, the responses thereto, and the argument by counsel at the October 14, 2014 Motion Hearing, for the reasons stated in open court, and in reliance on the authority cited below, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff La Ley Recovery Systems – OB, Inc.'s Motion to Strike Attachments to Defendant's Notice of Removal Filed in Violation of 28 U.S.C. §1446(b)(3) as Impermissible to Assert Federal Jurisdiction and Failing to Satisfy the Business-Records Exception to Hearsay (ECF No. 20) is **DENIED**. *See S. Florida Ear, Nose & Throat, PLLC v. Blue Cross & Blue Shield of Florida, Inc.,* No. 2:13-CV-178-FTM-29, 2013 WL 6332968, at *2 (M.D. Fla. Dec. 5, 2013) (recognizing an exception to the well-pleaded complaint rule where a cause of action is completely preempted by federal law); *Regency Hosp. Co. of S. Atlanta v. United Healthcare of Georgia, Inc.*, 403 F. Supp. 2d 1221, 1224 (N.D. Ga. 2005) (same).

2. Plaintiff La Ley Recovery Systems – OB, Inc.'s Motion for Remand to State Court (ECF No. 4) is **DENIED**. *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999); *Henry v. Robey-Barber Ins. Servs. Corp.*, 777 F. Supp. 1554, 1555 (M.D. Fla. 1991); *Regency Hosp. Co. of S. Atlanta v. United Healthcare of Georgia, Inc.*, 403 F. Supp. 2d 1221, 1228 (N.D. Ga. 2005) (finding plaintiff's causes of action, brought against an ERISA fiduciary to remedy a denial of benefits under an ERISA benefit plan, are completely preempted by ERISA § 502(a)(1)(B)); *Gables Insurance Recovery v. United Healthcare Insurance Co.*, -- F. Supp. 2d --, No. 13-21157-CIV, 2013 WL 9576688 (S.D. Fla. Aug. 8, 2013).

3. Defendant UnitedHealthcare Insurance Company's Motion to Dismiss (ECF No. 8) is **GRANTED**. Plaintiff's Statement of Claim Under $500 (ECF No. 1-1) is **DISMISSED** ***without prejudice***.

4. Plaintiff La Ley Recovery Systems – OB, Inc.'s Amended Statement of Claim (ECF No. 19) is **STRICKEN** for failure to obtain written consent from the Defendant or leave from the Court pursuant to Federal Rule of Civil Procedure 15(a)(2).

5. This matter is **STAYED** to allow Plaintiff to pursue its administrative remedies.

6. This matter shall be **ADMINISTRATIVELY CLOSED** for statistical purposes only, without prejudice to the substantive rights of any of the parties. Any party may move to reopen the case at the appropriate time.

**DONE and ORDERED** in chambers at Miami, Florida, this 14th day of October 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*